UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00104-MR

| | |
|---|---|
| DELMAR HAYES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| ) | |
| D.P.S. NC CORR, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983 [Doc. 1],[1] see 28 U.S.C. §§ 1915(e)(2) and 1915A, and on Plaintiff's motion for appointment of counsel [Doc. 6]. Plaintiff is proceeding in forma pauperis. [Docs. 3, 12].

## I. BACKGROUND

Pro se Plaintiff Delmar Hayes ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed this action on April 27, 2020, pursuant

---

[1] On June 5, 2020, Plaintiff filed six (6) pages from a more recent form for prisoner § 1983 complaints than he used for his Complaint. [Doc. 10]. These pages were docketed as an "Addendum" to Plaintiff's Complaint and relate to the exhaustion of administrative remedies and another case filed by Plaintiff related to the facts at issue here. This filing was not considered by the Court on its initial review of this matter.

to 42 U.S.C. § 1983, naming the following as Defendants: (1) "D.P.S., NC Corr," described as "medical personal [*sic*] [et al.] and D.P.S. Contract Provider;" (2) Dr. Clarence Stewart, identified as a "state employee;" (3) Dr. Kevin Chung, identified as a "state official, medical personal [*sic*] provider for D.P.S. NC;" (4) "D.P.S. NC State Agency Institution and Board." [Doc. 1].

Although Plaintiff does not specifically delineate it as such, it appears his claim is based on alleged deliberate indifference to his serious medical needs in violation of the Eight Amendment and on medical negligence. Plaintiff alleges that, in 2017, he had surgery on his right toe to remove a bunion and, due to "malpractice" by surgeon, Dr. Stewart, Plaintiff now suffers from "pre nerve damage." [Doc. 1 at 3-4]. Plaintiff alleges that he has been in pain for the last three years, has developed major walking and mobility issues, has blood clots in his foot from surgery, and his right toe does not bend. [Id. at 4]. Other than the reference to Dr. Stewart having performed Plaintiff's surgery, Plaintiff makes no particularized allegations regarding any named Defendant in this matter. Plaintiff also does not allege what constitutional injury he believes he has suffered.[2]

---

[2] The Court also notes that, depending on when in 2017 the alleged surgery was performed, Plaintiff's claim may very well be barred by the statute of limitations.

2

Plaintiff seeks "monetary damage for injurys sustain from state official et. al, 1 million dollars each for continue inadequate medical treatment, due in [illegible] to state official et. al malfeasance, deliberate indifference, wantoness, disregard and conspire to cover up injury plaintiff sustain." [CV Doc. 1 at 4 (errors uncorrected)]. Plaintiff also seeks injunctive relief. [Id. at 4-5].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520

3

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, Plaintiff has not alleged facts sufficient to pass initial review on a claim for deliberate indifference to his serious medical needs under the Eighth Amendment. At best, Plaintiff's allegations give rise to an inference that Dr. Stewart may have committed malpractice in performing the surgery on Plaintiff's big toe. Plaintiff, however, has not complied with Rule 9(j) of the North Carolina Rules of Civil Procedure, which requires plaintiffs asserting medical malpractice actions to obtain an expert

5

review of "the medical care and all medical records" before filing a lawsuit, and for such medical expert to certify that the medical care did not comply with the applicable standard of care. N.C. Gen. Stat. § 1A-1, Rule 9(j). Also, Plaintiff has alleged no particularized conduct relative to Defendant Chung in this case.[3]

The Court will, therefore, allow Plaintiff the opportunity to amend his Complaint. In the amended complaint, Plaintiff must re-allege all his claims against all persons he wishes to name as Defendants, and he must allege how each named Defendant personally participated in the deliberate indifference to Plaintiff's serious medical needs. Also, should Plaintiff wish to pursue a claim for medical malpractice, he must comply with Rule 9(j).

The Court further advises Plaintiff that his amended complaint must be complete in and of itself. This is because the amended complaint will supersede the original complaint, meaning the original complaint will no longer have any force. In other words, Plaintiff may not amend the complaint "piecemeal"—he simply cannot add on to what he has already alleged in the complaint. To this extent, the Court will instruct the Clerk to mail Plaintiff a

---

[3] In his "Brief on Merit" [Doc. 8], filed on May 29, 2020, Plaintiff makes additional factual allegations and references Dr. Chung. This filing, however, has no legal effect and will be stricken from the record in this matter. Any claim or claims against any Defendant Plaintiff intends to sue must be made collectively in Plaintiff's amended complaint, if he chooses to file one, as further instructed in this Order.

6

new Section 1983 form for Plaintiff to submit an amended complaint, if he so wishes.

As to Defendants "D.P.S., NC Corr" and "D.P.S. NC State Agency Institution and Board," these are not identifiable legal entities. To the extent Plaintiff intended to name the North Carolina Department of Public Safety (NCDPS) or its Division of Adult Correction and Juvenile Justice as Defendants in this matter, they would also be dismissed. Neither the State of North Carolina nor its agencies constitute "persons" subject to suit under Section 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58 (1989). Furthermore, the Eleventh Amendment bars Plaintiff's suit for monetary damages against the State of North Carolina and its various agencies. See Ballenger v. Owens, 352 F.3d 842, 844-45 (4th Cir. 2003). As such, any amended complaint filed by Plaintiff should not name these entities as Defendants.

### IV. MOTION FOR COUNSEL

Plaintiff also moves for the appointment of counsel in this matter. [Doc. 6]. As grounds, he states that he is unable to access medical files that support his allegations, he cannot conduct research, has no access a law library or legal materials, and he is a "layman of law." [Id. at 1-2]. A plaintiff must present "exceptional circumstances" in order to require the Court to

7

seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). The Plaintiff here has not presented exceptional circumstances that justify appointment of counsel. Therefore, Plaintiff's motion to appoint counsel will be denied.

## V. CONCLUSION

For the reasons stated herein, Plaintiff shall have thirty (30) days in which to amend his complaint in accordance with this order. Defendants "D.P.S., NC Corr" and "D.P.S. NC State Agency Institution and Board" will be dismissed and Plaintiff's motion for counsel will be denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to amend the Complaint within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that Defendants "D.P.S., NC Corr" and "D.P.S. NC State Agency Institution and Board" are dismissed. See 28 U.S.C. §§ 1915(e); 1915A.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [Doc. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's "Brief on Merit" [Doc. 8] is hereby **STRICKEN** from the record in this matter.

The Clerk of Court is respectfully instructed to mail Plaintiff a new § 1983 form.

**IT IS SO ORDERED**.

Signed: July 20, 2020

Martin Reidinger
Chief United States District Judge