**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:20-cv-00104-MR**

| | |
|---|---|
| **DELMAR HAYES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| | )     **ORDER** |
| | ) |
| **CLARENCE STEWART, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint, filed under 42 U.S.C. § 1983, <u>see</u> 28 U.S.C. §§ 1915(e)(2) and 1915A. [Doc. 14]. Plaintiff is proceeding in forma pauperis. [Docs. 3, 12].

## I.  BACKGROUND

Pro se Plaintiff Delmar Hayes ("Plaintiff") is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed his action originally on April 27, 2020, pursuant to 42 U.S.C. § 1983, naming the following as Defendants: (1) "D.P.S., NC Corr," described as "medical personal [*sic*] [et al.] and D.P.S. Contract Provider;" (2) Dr. Clarence Stewart, identified as a "state

employee;" (3) Dr. Kevin Chung, identified as a "state official, medical personal [*sic*] provider for D.P.S. NC;" and (4) "D.P.S. NC State Agency Institution and Board." [Doc. 1]. At issue in Plaintiff's Complaint was a surgery Dr. Stewart performed on Plaintiff in 2017 which Plaintiff claims caused pain and other injuries. [Id.]. The Court conducted its initial review of Plaintiff's Complaint and dismissed Defendants "D.P.S. NC Corr" and "D.P.S. NC State Agency" for the reasons stated in that Order. [Doc. 13]. The Court found that Plaintiff failed to state a claim against Defendants Chung and Stewart, and allowed Plaintiff thirty (30) days to amend his Complaint.[1] [Id.]. Plaintiff timely filed the instant Amended Complaint in which Plaintiff names only Dr. Stewart as a Defendant in this matter. [Doc. 14].

In his Amended Complaint, Plaintiff states his claim is one for "Rule 9j malpractice." [Doc. 14 at 3]. In support of his claim, Plaintiff alleges as follows:

> Around January, - June, of 2017-2018 at Central Prison, I went to have surgery for a minor bunion, remove, by Doctor, Clarence Stewart, but as I said before something went wrong. I came out with more pain then I went in which nerve damage. 32 stitchs.

---

[1] The Court found that Plaintiff failed to state a claim of deliberate indifference to Plaintiff's serious medical needs under the Eighth Amendment and that, if Plaintiff intended to assert a claim for medical malpractice, he must comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, which he had not. [Doc. 13 at 5].

> 3 screws.  Blood clots, separation of my toe's can't
> stand up on my foot for a long period of time.  I ask
> the Docter here at the prison if nothing wrong why
> they giving me all this pain medicine.

[Doc. 1 at 12 (errors uncorrected)].

For injuries, Plaintiff claims that he has suffered various physical injuries.  [Doc. 1 at 5].  Plaintiff seeks monetary relief and "medical shoes." [Id.].

## II.    STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).  Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520

3

(1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. <u>Weller v. Dep't of Soc. Servs.</u>, 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. <u>Id.</u> "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." <u>Young v. City of Mt. Ranier</u>, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." <u>Miltier v. Beorn</u>, 896 F.2d 848, 851 (4th Cir. 1990).

4

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim.  Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.").  To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998).  "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention."  Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976).

Taking Plaintiff's allegations as true and giving Plaintiff the benefit of every reasonable inference, Plaintiff has again not alleged facts sufficient to pass initial review on a claim for deliberate indifference to his serious medical needs under the Eighth Amendment.  At best, Plaintiff's allegations give rise to an inference that Dr. Stewart may have committed malpractice in performing the surgery on Plaintiff's big toe.  Plaintiff, again, has not complied with Rule 9(j) of the North Carolina Rules of Civil Procedure, which requires plaintiffs asserting medical malpractice actions to obtain an expert review of

"the medical care and all medical records" before filing a lawsuit, and for a medical expert to certify that. N.C. Gen. Stat. § 1A-1, Rule 9(j). Further, Plaintiff has not alleged that he has suffered deliberate indifference to any serious medical need that he alleges may have resulted from the surgery he now questions.

Because Plaintiff remains unable to state a claim for relief after having been afforded the opportunity to amend his complaint, the Court will dismiss Plaintiff's Amended Complaint with prejudice.[2] See Green v. Wells Fargo Bank, N.A., 790 Fed. App'x 535, 536 (4th Cir. 2020).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss Plaintiff's Amended Complaint with prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Amended Complaint [Doc. 14] is **DISMISSED WITH PREJUDICE**.

The Clerk is respectfully instructed to terminate this action.

---

[2] The Court also notes that it appears that Plaintiff's surgery was performed in January 2017. Plaintiff's claim, therefore, is likely barred by the statute of limitations in any event.

6

**IT IS SO ORDERED**.

Signed: August 18, 2020

Martin Reidinger
Chief United States District Judge